The document below is hereby signed.

Signed: April 9, 2018



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARY HOOKER ROBINSON, | ) | Case No. 17-00394 |
| | ) | |
| Debtor. | ) | (Chapter 13) |
| | ) | |
| | ) | |
| MARY HOOKER ROBINSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 17-10030 |
| UNITED STATES DEPARTMENT OF | ) | |
| LABOR, _et al._, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendants. | ) | |

### MEMORANDUM DECISION RE MOTION TO DISMISS

The defendants have moved to dismiss this adversary proceeding.  The plaintiff, Mary Hooker Robinson, the debtor in Case No. 17-00394, has not formally opposed the motion but did seek a continuance of the hearing on the motion based on her desire to take discovery.  Because discovery would not alter the propriety of dismissing this adversary proceeding, I will grant the motion to dismiss.

I

The complaint alleges that Robinson was a career employee of the United States Department of State when she suffered a work-related injury on July 12, 2000; that on August 8, 2000, she filed a worker's compensation claim with the United States Department of Labor under the Federal Employees Compensation ACT ("FECA"), 5 U.S.C. § 8101 *et seq.*; that on March 12, 2003, the Department's Office of Workers' Compensation Programs ("OWCP") accepted that claim as of the date of the work-related injury on July 12, 2000; that pursuant to such acceptance, Robinson was and is entitled to receive benefits, including compensation for all lost wages standing at over $551,122.48 plus interest.

Robinson has appended to her *Verified Motion to Continue the Hearing Until after Discovery* (Dkt. No. 27) a copy of a letter of March 12, 2003, accepting an injury claim for medical treatment arising from the injury of July 12, 2000 (including, for example, authorizing physical therapy for the period of March 12, 2003, to June 12, 2003 ).  The letter, however, made clear that it was not an award of lost wages.  It stated:

> If your injury results in lost time from work, you may be eligible to receive continuation of pay (COP) until you recover or return to light duty, up to a maximum of 45 calendar days.  If wage loss continues after your entitlement to COP expires, you may claim disability compensation on Form CA-7.

In addition, it attached an information sheet reciting that:

> any claim for lost wages must be submitted through your

2

>    employing agency on form CA-7. . . .  In cases of
>    intermittent wage loss, Form CA-7a is also needed.

Robinson has appended to her *Verified Motion to Continue the Hearing Until After Discovery* a September 17, 2003 letter from OWCP to the Department of State, of which a copy was sent to Robinson, in which OWCP reminds the Department of State that Robinson has an accepted medical case authorizing her to see a licensed medical doctor concerning her work-related conditions, but also reminds the agency "that claimant is allowed to file a Claim for Compensation on a form CA-7 for lost wages," once again making clear that no claim for lost wages had been filed at that juncture and thus no such claim had been accepted as of March 12, 2003.

Based on the foregoing, the plaintiff has failed to state a claim upon which relief can be granted.  There is no March 12, 2003, decision to pay lost wages that the defendants are failing to pay.

II

In addition, the materials filed with the motion to dismiss make clear that there was no acceptance on March 12, 2003, of a claim for lost wages, and that the eventual denial of a request, which the debtor made in 2004, for lost wages is not a decision this court may review.

The defendants' motion to dismiss attaches a declaration of an employee of OWCP, reciting, consistent with the foregoing:

3

> 4. A review of the official FECA case file which contains Ms. Robinson's claim for compensation under the FECA reveals that she filed a claim for injury sustained on July 12, 2000 which OWCP ultimately accepted for cervical and lumbar conditions.  Ms. Robinson remains entitled to medical treatment as a result of that injury and as of January 8, 2018 has received over $27,000 dollars in medical benefits related to her injury.

The declaration further makes clear that there has been no acceptance of a claim for lost wages (which was not submitted until September of 2004).  The declaration recites:

> 5. Ms. Robinson's claim for wage loss/disability compensation has not been accepted by OWCP.  The most recent decision concerning her claim for wage loss/disability compensation was issued by OWCP's Branch of Hearings and Review on May 10, 2006.  A true and correct copy of that decision is attached hereto as Attachment A.
> 6. Ms. Robinson did not exercise the appeal rights associated with that decision but has written to OWCP concerning her desire to receive wage loss/disability compensation.

Under 5 U.S.C. § 8128(b):

> The action of the Secretary or her designee in allowing or denying a payment under this subchapter is –
>
> (1) final and conclusive for all purposes and with respect to all questions of law and fact; and,
>
> (2) not subject to review by another official of the United States or by a Court by mandamus or otherwise.

Except for conclusory allegations (relating to the non-existent acceptance on March 12, 2003, of a claim for lost wages), the complaint here does not allege, as in *Lepre v. U.S. Dep't of Labor*, 275 F.3d 59, 67 (D.C. Cir. 2001), a "structural" or "systemic" challenge regarding the Office's handling of claims.

Nor does it allege a violation of a clear statutory mandate. Even if the complaint had challenged the May 10, 2006, decision denying the claim for lost wages, the plaintiff has not suggested that Robinson could raise anything other than garden-variety errors of law or fact in that decision, and, under § 8128(b), such errors may not be reviewed by the court. *See Lepre*, 275 F.3d at 73, citing *Griffith v. Federal Labor Relations Auth.,* 842 F.2d 487, 493 (D.C. Cir. 1988).

## III

A judgment follows dismissing this adversary proceeding with prejudice, but without prejudice to pursuit within the Department of Labor's Office of Workers' Compensation Programs of any unexpired right of review the plaintiff has not yet pursued.

[Signed and dated above.]

Copies to: Debtor (by hand mail); recipients of e-notification of orders.